Haggerty and others agt. Granger and others.

SUPREME COURT.

WM. C. HAGGERTY and others agt. ALBERT GRANGER, JOSEPH W. COMFORT, JOHN G. VAN COTT, LEONARD G. KLINCK and NICHOLAS WYCKOFF.

EIGHT OTHER SETS OF PLAINTIFFS IN EIGHT CAUSES agt. SAME.

An anomaly in the way of *assignments for the benefit of creditors*, is presented in this case. A., B. and C. were members of a copartnership firm. A. and B. wished to make an assignment, giving preferences to their creditors. C., who was worth enough to pay his own debts, and would have been solvent if his firm had been, would not consent to that, but went on and made an assignment executed by himself alone, disposing of all his individual property in trust for his individual creditors; and next he assigned to the same trustee, all his share and *interest* in the *partnership property, first,* to apply the proceeds to the payment of the partnership debts, according to the established rules of law and equity, which control such cases, (*pro rata.*) *Second,* to apply the

residue in payment of his individual debts and liabilities, in the order mentioned, if the individual property should be insufficient.

Afterwards A. and B. made an assignment in the name and for the firm, but executed by them individually, and against the will of C., of all the property of the firm, for the payment of the debts of the firm, in the order mentioned therein. The partnership was not limited, and might terminate at the will of or any of its members.

*Held*, that both assignments, respecting the partnership concerns, were entirely void for want of power. The assignment by C. was good as to all except the partnership property.

It is well settled in this state, that one partner has no authority, express or implied, from his copartners, to make an assignment to trustees for the benefit of creditors.

It is because the general obligations of law, require partners to pay their debts, that one of them may, without the concurrence of the others, and against their will, deliver either the money or property of the firm directly to a creditor in payment of his debt, although the other creditors are postponed. But there is no obligation of law for the firm to transfer their property to trustees; much less is there any implied authority in one to select his own trustee against the will of the others, and give to him the whole control of the property.

As soon as a firm is insolvent, (especially an unlimited partnership,) any partner may apply for a decree of dissolution and account, and for an injunction to prevent his copartners from disposing of the property, and for a receiver. The property will then be distributed rateably among the creditors without preferences, and each will be heard as to who the receiver shall be.

Both assignments in this case were held to be a cloud over the title of the property, so as to make it proper for the plaintiffs, as judgment creditors, to come into court to have that cloud removed as to them.

*Special Term, tried January*, 1857.

ON the 8th November, 1854, judgments were recovered by the plaintiffs against Granger, Comfort and Van Cott, executions issued thereon, and returned unsatisfied. In December following, this action was commenced to set aside assignments made. In September of that year, Van Cott's individual property was amply sufficient to pay all his individual debts, and he would have been solvent, if his firm had been so. His firm wished to make an assignment giving preferences, which he would not consent to; and on the 18th day of that month, he alone made an assignment, disposing of all his individual property, in trust for his individual creditors, and next he assigned to the same trustee, N. Wyckoff, "all and singular, the share and interest

which he had, or was entitled to, as a partner in the firm of Granger, Comfort & Co.," in the moneys, goods, wares, merchandise, lease and fixtures of store, good will of business, notes, obligations, judgments, books of account, book debts, claims, contracts, rights and things in action, or property of any nature and kind soever, and wheresoever the same may be, in trust to take possession of such share and interest, and dispose of the said property, and collect the said debts.

First, to apply the proceeds thereof, (after deducting his expenses and legal commission) in due proportion, to the payment of the *debts* and settlement of the *concerns* of the said *partnership*, according to the established rules of law and equity, which control such cases. Second, to apply the residue of said proceeds, in any payment of his individual debts and liabilities, in the order before mentioned, if the individual property should be insufficient for that purpose; after that, if there should still be a surplus, to other purposes named.

On the 3d of October, in the same year, Granger and Comfort by indenture, *made* in the name of themselves and of Van Cott, stating that they composed the firm of Granger, Comfort & Co., but executed by Granger and Comfort only, and signed by them individually, assigned to Klinck all the property of the firm, in trust, to take possession of all the assigned property, and sell it and collect all the debts, and apply the proceeds, first to pay debts of the firm in schedule B.; next to pay all other debts of the firm. This assignment was made against the will of Van Cott and Wyckoff, and on its being made, Klinck excluded Wyckoff from all control over the property of the firm.

Wyckoff on his appointment by Van Cott, immediately went to the store and claimed to be in possession, and to have a right to exercise a control over the affairs of the firm; Granger and Comfort denied his right, and prevented any active interference.

The complaint makes no objection to the assignment by Van Cott, but insists that the assignment made by the other two partners is void as against creditors.

The complaint is taken as confessed by all the defendants, except Van Cott and Wyckoff, who put in an answer. The answer insists that the assignment was intended to, and had the effect to dissolve the partnership, and that, thereupon, W.yckoff became tenant in common with Comfort and Granger of the partnership property, and that the assignment to Wyckoff for the benefit of all the creditors of the firm *pro rata* out of the partnership property, should be carried out, and that the rights of these plaintiffs' judgment creditors, are subordinate to Van Cott's right, and the right of the other creditors to have an equal distribution of the partnership property, whether the assignment by the two other partners be valid or not.

The plaintiffs insist that that assignment, not being executed by all the partners, but against the will of one, is a nullity as to them, and that they have priority of lien according to the priority of their present actions. The partnership was not to continue for any specified time, and might, therefore, be terminated at the will of any of its members.

MARTIN & SMITHS, *for all the plaintiffs.*
JOHN E. BURRILL, *for defendants.*

MITCHELL, Justice. In *Havens* agt. *Hussey*, (5 *Paige*,) it was decided that one partner could not, against the will of another, make an assignment of the partnership property to a trustee for the benefit of creditors, giving preferences. In *Deming* agt. *Colt*, and in *Hayes* agt. *Heyer*, (3 *Sandf. Superior Ct. Reports*,) it was held that such assignment could not be made, even if no preferences were given. These cases were referred to and approved in *Everson* agt. *Gehrman*, &c., (10 *How. Pr. R.* 301,) at the general term of the supreme court, in this district. That, however, was not the point then precisely before the court. The decisions thus far made in this state have been on the ground that one partner has no authority, express or implied, from his copartners, to make such an assignment. It clearly is not within the express authority, and to repeat what was said in *Everson* agt. *Gehrman*, "no

power can be implied, unless it can be inferred that the parties *intended* to grant it." Certainly the parties did not intend that one should have the power to do for them an act which their general obligations did not require them to do, if the others objected to it, and its effect would be, not to continue, but to dissolve the partnership. It is because the general obligations of law require partners to pay their debts, that one of them may, without the concurrence of the others, and against their will, deliver either the money or property of the firm directly to a creditor in payment of his debt, although their other creditors are postponed; he does in this no more than the law would do to the one who first levies an execution. But there is no obligation of law for the firm to transfer their property to trustees, much less is there any implied authority in one to select his own trustee against the will of the others, and give to him the whole control of the property. If one may thus assign the partnership property to one trustee, there is no reason why the other partners may not assign each to a different trustee, unless the one first assigning thereby superseded the power of the others. Then there would be three or more trustees, each under a separate appointment, and each entitled to an absolute control over the property; a position of things which shows that neither can have the control, or the power to make such an assignment. If the assignment first made is to be held controlling, then it is implied that partners intend, in all cases, that if they become insolvent, the one who will be first in the race to make an assignment, shall alone, and against the wishes of the others, control in the selection of the trustee, and that he can make an assignment when the other partners may all believe that one is not necessary, and that they could personally arrange with their creditors. The parties never could have intended to grant such an authority, and there is no obligation of law from which it is to be inferred.

In this case Van Cott assigned his share of the partnership property to the trustee. If this meant only the share that would belong to him after payment of the debts of the firm,

then it did not make Wyckoff a trustee for the creditors, nor vest him with the partnership property, but only with the right to call the other partners, and those claiming under them, to an account. The assignee then would not stand in the way of the creditors of the firm, and could not object to their taking any legal process to collect their claims. But if it meant (as is to be inferred from the provision in the assignment, that the assignee should, out of the property of the firm, pay its debts,) to transfer the property itself to the assignee in trust to pay the debts, then it is subject to the objection before stated, that it assumes a power not given either expressly or by implication. Nor does it make a difference that the assignment purports to pass only Van Cott's share, and not that of the other partners, assuming that this means the one undivided third in the property itself; then the confusion before pointed out would result, that each partner could appoint a separate trustee, bound to employ the property assigned to him to pay all the debts, but with this difference, that neither would have control over more than one undivided third (or other aliquot) part of any piece of property, or of any chose in action; neither could do any act towards the disposition of the property, without the concurrence of the others; neither to sell a piece of goods, or to collect a debt; all must unite; yet each would claim under a separate title, and not as joint trustees. A power leading to such confusion, and which would manifestly tend to delay creditors, is not to be implied. Nor is there any imperfection in the law, which makes it necessary to imply this power. As soon as a firm is insolvent, (especially if as in this case, it was not to continue for a specified time,) any partner may apply for a decree of dissolution and account, and for an injunction to prevent his copartners from disposing of the property, and for a receiver. The property will then be distributed rateably among the creditors without preferences, and each will be heard as to who the receiver should be. The difference between that case and this is, that in this, one partner alone attempts to vest his own trustee with the whole power, against the wishes of those who

have an equal voice with himself, while in that all are heard, and all, through the court, make the appointment; in this, the one alone adjudges of his own independent will, that a trustee and assignment are necessary; in that, all (through the court) pass upon that question.

The assignment by Van Cott is void as to the partnership property, not on account of any fraud, but for want of power, and the assignment by his two copartners giving preferences, is void for the same reason. The trustee was right when brought into court by the plaintiffs, to present the question as to the extent of his power for decision, and has caused no litigation which was not necessary for this purpose; he, therefore, should have his costs. Both assignments cast a cloud over the title, so as to make it proper for the plaintiffs to come into this court to have that cloud removed as to them. The assignment by the two copartners is void entirely for want of power; the assignment by Van Cott is good as to all except the partnership property, and it is not therefore to be declared void; it is enough if the assignee be declared unauthorized to interfere with that property, and enjoined from doing so, and the receiver be authorized to take and sell, or collect all the partnership property, notwithstanding such assignment, and pay the creditors in the order in which their actions were commenced, (the great bulk of the property consisting of choses in action,) and bring any surplus into court to abide the further order of the court. The plaintiffs will also be entitled to their costs in the same order of priority.

It is proper to notice that in the cases quoted, the assignments by one partner were held bad on a bill filed by the copartner, and that in this case, the copartners make no such application. The creditors, however, may come into court and show that there is an assignment in the way of their execution, under which the assignees profess to have a priority over them, and that such assignment is defective for want of any power to execute it. If defective for such a cause, it is as a nullity to any one claiming by operation of law, to have a right to the property of the firm. It is voidable not only

as against the copartners, but also as against the creditors of the firm, unless the non-assenting partners had, before their actions were commenced changed their mind and assented to it. That which is void for want of power cannot constitute an effectual obstacle to any one who is entitled to be paid out of the property of the constituent.

The judgment will be drafted accordingly, and submitted to defendants' attorneys.