MICHAEL McANULTY et al., Admr., &c., *v.* AMOS HODGES.

1. EXECUTOR AND ADMINISTRATOR: PURCHASE BY ADMINISTRATOR AT HIS OWN SALE NOT VOID.—A purchase made by an administrator, at his own sale of his intestate's effects, is not absolutely void, but only voidable at the instance of heirs and creditors who may be injured thereby : it is therefore no defence to an action for the amount of the defendant's bid at an administrator's sale, that

the purchase was made for the joint benefit of one of the administrators and himself.

In error from the Circuit Court of Pike county.    Hon. John E. McNair, judge.

This was an action by McAnulty and Prestridge, administrators of Samuel Prestridge, against Amos Hodges, to recover the sum of $250, which they alleged the defendant owed for the purchase of a gin-head, press, &c., at a sale made by them of their intestate's effects.   The defendant pleaded the general issue, and the cause was submitted to a jury, upon the following agreed state of facts. "That the gin-head, running-gear, &c., sued for, were sold by the plaintiffs as administrators of S. Prestridge, deceased, at a public sale made by them of his personal property; that they were bid off by one J. E. J. Hart at the sum of $500, in pursuance of a private understanding, between said Hart, the defendant Hodges, and Prestridge, one of the administrators, and for the benefit of said Hodges and said Prestridge.   That the price bid was a very high price for the property sold; and that after the sale Hodges and Prestridge each agreed with McAnulty, the other administrator, that one-half of said sum, viz., $250 should be charged to Hodges and the other half to Prestridge, and the said bid was thereupon set down by McAnulty, to Hodges and Prestridge, and so reported by him to the Probate Court; and the property was delivered accordingly."   "Upon this state of facts, the jury, under the instructions of the court, returned a verdict for the defendant, as in a case of nonsuit."

The plaintiff moved for a new trial, which being refused, they sued out this writ of error.

*John T. Lampkin,* for plaintiff in error.

*D. W. Hurst,* for the defendant in error.

FISHER, J., delivered the opinion of the court.

The agreed state of facts shows that the defendant below was liable for the amount claimed by the plaintiffs.   The sale was not

void, but at most only voidable, at the instance of parties who might be injured, if the property had been sold for less than its real value.

But no other person can take advantage of the wrong, and especially will not the party committing the wrong, be allowed to complain.

He can, under no circumstances, resist payment without an offer to return the property.

Under this state of case, the judgment is reversed, new trial granted, and cause remanded.