J. L. GRAVES, INTERVENOR, v. W. N. HALL AND ANOTHER.

1—An assignment in good faith made in 1858 by one of two partners, conveying the assets of the firm for the benefit of their creditors, was valid.

ERROR from Freestone. Tried below before the Hon. R. S. Gould.

The original suit in the District Court was between W. N. Hall, as plaintiff, and H. H. & H. W. Hall, partners, sometimes called Hall & Hall, and sometimes Hall & Brother, defendants.

The plaintiff in error, Graves, came in as interpleader under the circumstances stated in the opinion of this court, to which reference is made for such other facts as are material.

*Walker & Bradley,* for plaintiff in error.

No brief for the defendants in error.

WALKER, J.—This is a contest between creditors. The plaintiff below sued out an attachment and levied upon the goods and chattels, lands and tenements, of Hall & Hall, copartners. The other creditors of Hall & Hall procured an assignment to W. C. Wilson for their benefit. The plaintiff procured the appointment of Wilson as receiver, with authority to collect outstanding debts due to Hall & Hall, and to hold the money subject to the order of the court. The attachment was dismissed as to the notes, book accounts and books of Hall & Hall. Wilson refused to act as assignee, but claimed the property as receiver. The creditors of Hall & Hall then procured J. L. Graves to act as assignee, who demanded the proceeds of collections, and the notes and accounts uncollected. The plaintiff enjoined Wilson from paying or turning over anything to Graves. Graves filed a petition as interpleader, which was excepted to; the exceptions were sustained and an appeal taken to this court. The judgment of the District Court was reversed and the cause remanded. Graves moved to dissolve the injunction, which motion was overruled. Wilson has never tried to dissolve the injunction, but has, to all appearance, taken sides with the plaintiff throughout. Bond was executed to him by the plaintiff, and he paid over the money to him.

The court below has proceeded upon the presumption that the assignment was void, being made by one of the partners only of Hall & Brother. In this view we think the District Court has erred. There is no evidence going to prove fraud in the execution of the deed of assignment. The Halls, no doubt, preferred that their assets should be divided among their creditors *pro rata*, rather than that one greedy creditor should, by his attachment, swallow up their entire estate; but the attachment as to the personal property being dissolved, there was

nothing to prevent the deed of one of the partners, made for the firm, from passing the title to the notes, books and accounts to the assignee, and it did pass to him.   (See Forkner v. Stuart, 6 Gratt, 197; Clark v. Reeves, 33 Miss., 579; Cullen v. Bloodgood, 5 Sneed.)

We are of opinion that the District Court erred in not dissolving the injunction, and in the instructions touching the validity of the assignment.

We therefore order and decree the dissolution of the injunction restraining Wilson from paying over the money collected, and from delivering all notes, books and book accounts held by him as receiver and belonging to the firm of Hall & Brother, and further order, adjudge and decree that said W. C. Wilson do, within thirty days from the rising of this court, pay over to J. L. Graves, as the assignee of Hall & Brother, all moneys so collected by him as receiver, together with eight per cent. interest per annum thereon, together with all the unpaid notes and book accounts, and the books of Hall & Brother; and that the said J. L. Graves recover all his costs expended in this court and in the District Court, from the defendants in error.

Rendered accordingly.

NOTE BY REPORTER.—It being made apparent to the court at a subsequent day that the receiver, Wilson, had, by order of the court below, paid and delivered to the district clerk all the money, notes, etc., in his hands, and had closed his receivership, the foregoing decree was so reformed as to exonerate him, but still to enable the plaintiff in error to follow the fund in the hands of W. N. Hall, plaintiff below, to whom on execution of bond with sureties, it had been paid by the clerk of the court below, under order of the District Court.