STEINHART ET AL., appellants, v. FYHRIE ET AL., respondents.

PARTNERSHIP — *Assignment by one partner of partnership property.* An assignment made by one member of a partnership firm of the property, real and personal, of the partnership in favor of a creditor or creditors of the firm, without the authority of his copartner, is *void;* and such property, in the hands of the assignee to whom it has been assigned, cannot be considered and treated as a trust for any purpose whatsoever.

SAME — *Complaint — Authority of copartner must affirmatively appear, else demurrable.* — If the assignment is so made with the authority or consent of the copartner, it must affirmatively appear in the complaint of the plaintiff, or the failure to give such authority or consent satisfactorily explained; otherwise the complaint will be open to general demurrer.

ATTACHING CREDITORS — *Priority.* — Among attaching creditors the first in point of time is the first in point of right, and is entitled to the preference.

*Appeal from Third District, Lewis and Clarke County.*

CHUMASERO & CHADWICK and E. W. & J. K. TOOLE, for appellants.

SANDERS & CULLEN, for respondents.

COBURN, J.    This is an appeal by the plaintiffs from the judgment of the district court, sustaining a demurrer to the following complaint:

"The plaintiffs complain against the defendants and allege: That on the 13th day of November, 1883, the said William Steinhart, Israel Steinhart, Charles Adler and

William Scholle commenced their action in this court against the said Sewell Davis and Jeremiah Shinnick, of Townsend, in Meagher county, in said territory, by filing a complaint and causing a summons to be served against them, and an attachment against the property of said defendants in said suit, which was directed to the sheriff of said Meagher county for service, which said attachment was, on the 13th day of November, 1883, duly levied by said sheriff upon a certain stock of goods, wares and merchandise which, at that date, was in the possession of William D. Cameron, the sheriff of said Meagher county, and claimed to be held by him (said sheriff) under and by virtue of a certain attachment in his hands, in favor of the defendants L. C. Fyhrie and Henry and Christopher Burfiend, and against the said Davis & Shinnick, and which said property is hereinafter particularly described, as will appear by the attachments of the said W. & I. Steinhart & Co., and return of said sheriff thereon indorsed, a copy of which is hereunto attached and marked Exhibit A, and made a part hereof; and said sheriff also levied the said attachment upon the following described real property, to wit: Lots numbered 11 and 12, in block number 43, in the town of Townsend, in said county of Meagher, Montana territory, and which had also been previously levied upon and attached by said L. C. Fyhrie & Co. That the claim of said William & I. Steinhart was for a bill of goods sold and delivered by them to said Davis & Shinnick, amounting to the sum of thirteen hundred and seventeen and 25–100 dollars, which goods were sold to said Davis & Shinnick under the following circumstances: The said Davis & Shinnick sent an order to said W. & I. Steinhart & Co. for a bill of goods, etc., which they desired to purchase on credit. That said W. & I. Steinhart & Co., on the 27th day of August, 1883, upon the receipt of said order, wrote a letter to said Davis & Shinnick, asking for a statement of their affairs, which was furnished to them by said Davis

& Shinnick by mail, inclosing the letter,— a copy of which is hereunto attached, marked Exhibit B, and made a part hereof. That on the 12th day of September, 1883, L. C. Fyhrie and one of the defendants above named, and a member of the firm of L. C. Fyhrie & Co., sent to the plaintiffs a telegraphic dispatch, bearing date on that day, at said Townsend, where the said Davis & Shinnick were then doing and carrying on business, and which was on the following day received by said W. & I. Steinhart & Co., and of which a copy is hereunto annexed and marked Exhibit C, and made a part hereof. That the said W. & I. Steinhart & Co., relying upon all of the above statements, and induced thereby, did send to Davis & Shinnick the said goods, wares and merchandise, which were received by said Davis & Shinnick some time in the latter part of September or the first of October, 1883, at Townsend aforesaid. That such proceedings were afterwards had in the action of said W. & I. Steinhart & Co. against said Davis & Shinnick, that, on the —— day of December, 1883, at the November term of this court, judgment was duly rendered in favor of said Steinhart & Co., against said Davis & Shinnick, for the sum of thirteen hundred and seventeen and ·25–100 dollars damages, and thirteen and 95–100 dollars costs of suit. That on the 14th day of December, 1883, an execution was duly issued on said judgment and sent to the sheriff of said Meagher county for service, which, as plaintiffs are informed and believe, was, on the —— day of December, 1883, levied by said sheriff of said Meagher county on the same property, real and personal, which had been so previously levied on under and by virtue of the said attachment above herein mentioned. That the said judgment and execution yet remain wholly due and unpaid, and wholly unsatisfied.

"Plaintiffs further allege that on the 9th day of November, 1883, the said Reinhold Kleinschmidt and Carl Kleinschmidt and Louis Hillebrecht commenced an action

against the said Sewell Davis and Jeremiah Shinnick, in this court, by filing a complaint against said Davis & Shinnick upon a certain claim or demand due from said Davis & Shinnick, and on the same day caused a summons to be issued thereon, and an attachment against all of the goods, chattels and personal property of said Davis & Shinnick liable to execution or attachment, which said attachment was in the usual form, and was directed to and placed in the hands of the sheriff of Meagher county, aforesaid, for service; and the same was afterwards, and on the said 9th day of November, 1883, duly levied by said sheriff upon the same stock of goods, wares and merchandise, which at that time was so in possession of said sheriff, under an attachment in favor of said L. C. Fyhrie & Co., as above herein is set forth; and said attachment was also levied upon the said real estate above herein described, and which had also been previously attached and levied on under the said attachment of L. C. Fyhrie & Co. That afterwards, to wit, on the —— day of ——, 1883, at the November term of this court, judgment was duly entered in said action in favor of the said Kleinschmidt Bros. & Co. against the said Davis & Shinnick, for the sum of nine hundred and seventy-six and 67–100 dollars, besides costs, which said judgment still remains in full force and effect, and wholly unpaid and unsatisfied.

"And the plaintiffs allege further that on the 30th day of October, A. D. 1883, the said Henry Burfiend, Christopher Burfiend, and L. C. Fyhrie, partners under the firm name and style of 'L. C. Fyhrie & Co.,' commenced an action in this court against the said Davis & Shinnick, by filing a complaint against them, claiming that there was due to them from said Davis & Shinnick the sum of seven thousand six hundred and forty-one dollars, besides interest; and on the same day procured to be issued in said action an attachment against all of the property of said Davis & Shinnick, which attachment the

said L. C. Fyhrie & Co. retained in their possession until
the 6th day of November, A. D. 1883. That said L. C.
Fyhrie & Co., plaintiffs in said last-mentioned action,
holding and retaining in their possession the said sum-
mons and attachments so issued as aforesaid, on the
31st day of October, 1883, went to Sewell Davis, one
of the defendants and a member of the firm of Davis
& Shinnick, and procured him to execute in the name
of Sewell Davis, to the defendant Louis C. Fyhrie, a
certain deed of assignment of all of the goods, chattels,
and personal property and real estate of said defendants
Davis & Shinnick, and the goods, wares and merchan-
dise, books, books of accounts, accounts, notes, and evi-
dences of indebtedness of Davis & Shinnick for the benefit
of the creditors of said Davis & Shinnick, with a prefer-
ence to said L. C. Fyhrie & Co., and to Sprague, Warner
& Co., of Chicago, of indebtedness alleged to be due to
them, respectively; and afterwards, if anything should
remain after such payment of said preferred claims, the
same was to be distributed among the balance of the
creditors of said Davis & Shinnick, *pro rata;* a copy of
which said assignment is hereunto attached, and marked
Exhibit D, and made a part thereof.

"And the plaintiffs further allege that, after the
execution and delivery of the said assignment to the
said L. C. Fyhrie & Co., the said L. C. Fyhrie entered
into and took possession of all the said personal property
and real estate mentioned in the said assignment,
and remained in possession thereof, and had the full
control and possession thereof, until the 6th day of
November, A. D. 1883, as assignee under the said assign-
ment, on which last-mentioned day he, the said Louis C.
Fyhrie, assignee as aforesaid, and one of the plaintiffs
in said suit of L. C. Fyhrie & Co. *v.* said Davis & Shin-
nick, and acting for them, and while he was so in posses-
sion of the said property, mentioned and described in the
said assignment, placed the said attachment, which the

said Louis C. Fyhrie *et al.* had so procured to be issued in their action aforesaid against the said Davis & Shinnick, in the hands of the defendant William D. Cameron, the then acting sheriff of said county, and turned over and delivered to him the goods, chattels, wares and merchandise, books, accounts, notes and real estate of said Davis & Shinnick, who then and there levied upon the same under and by virtue of the said attachments, as by reference to the attachments aforesaid and the sheriff's return and inventory of goods, wares and merchandise, and personal property, and answers of debtors of said Davis & Shinnick attached thereto, and which are now on file in the office of the clerk of this court among the papers and records in said cause of said L. C. Fyhrie *et al.*, and against said Davis & Shinnick, will more fully appear, and which are made part hereof and marked Exhibit E, and to which reference is hereby had and made; which said property so levied on by the said sheriff of said county of Meagher is the same identical property which was so as aforesaid conveyed to said L. C. Fyhrie by the said Sewell Davis, as aforesaid, by the said assignment.

" And plaintiffs further allege that the said L. C. Fyhrie & Co., defendants above named, have procured to be issued on the judgment obtained by them against the said Sewell Davis and Jeremiah Shinnick, an execution, and are about to cause the said personal property and real estate so assigned to them by said Sewell Davis, as aforesaid, in the firm name of Davis & Shinnick, to be sold under the said execution, and are threatening so to do, and to apply the proceeds of said sale to the payment of the judgment aforesaid. And the said plaintiffs allege that the said attachment so caused to be issued by the said L. C. Fyhrie & Co. was improperly and fraudulently, by the said L. C. Fyhrie & Co., levied and caused to be levied upon the said goods, chattels, wares and merchandise, and real estate ; that the said Louis C. Fyhrie had

and has the same in trust at the time of said levy, and was in full possession and control of the same under the said assignment for the benefit of all creditors of the said Davis & Shinnick, and fraudulently turned over and delivered the same to the said sheriff of said Meagher county for the purpose of obtaining undue and unfair advantage over the other creditors of the said Davis & Shinnick, thereby waiving their claim under the said assignment, and to cause the said real and personal property to be sacrificed by a forced sale thereof under execution, and securing to themselves an undue and unfair benefit and advantage, to the great detriment and loss of the plaintiffs and other creditors of the said Davis & Shinnick, and that if such sale be permitted and the proceeds thereof be paid over to the said L. C. Fyhrie & Co., the said plaintiffs will lose their entire claims above mentioned against the said Davis & Shinnick, and they will be utterly and entirely remediless unless relieved by this court; that the said Sewell Davis and Jeremiah Shinnick are wholly insolvent and destitute of property other than that so levied upon under the said attachment and executions, and have no other property in the territory; that the said attachments of the said L. C. Fyhrie & Co., and the said assignments, were made and received by said L. C. Fyhrie with the intent to hinder, delay and defraud the creditors of the said Davis & Shinnick. Wherefore, the plaintiffs demand judgment against the defendants:

"(1) That the said attachments of the said L. C. Fyhrie *et al.*, defendants above named, be set aside and dissolved.

"(2) Or that the lien of said attachments be declared to be subsequent to and subject to the attachments of the said plaintiffs William & I. Steinhart & Co. and the plaintiffs Kleinschmidt Bros. & Co., and they have priority over the said attachments and executions of the said L. C. Fyhrie, Henry Burfiend and Christopher Burfiend, and be first paid out of the proceeds of any sale or sales

that may be made, or that have been made, under said last-named attachments or execution.

"(3) That the said L. C. Fyhrie & Co. may be ordered, adjudged and decreed to pay over to said plaintiffs the full amount due to them, respectively, on the said judgment and executions, before making any application of such moneys or proceeds of the said goods, wares and merchandise, or real estate, upon the said indebtedness to them, the said L. C. Fyhrie & Co.

"(3½) That the defendant W. D. Cameron, sheriff of said Meagher county, be ordered to pay over all moneys in his hands, or which may come into his hands, towards the payment and satisfaction of the respective executions of said plaintiffs before making any payment to the said L. C. Fyhrie & Co., and which he has received or may receive on any sale or sales of the property of said Davis & Shinnick, in his possession, custody or control as such sheriff.

"(4) That the said plaintiffs herein may be declared to be entitled to satisfaction of their respective claims, notwithstanding the said assignment, and have priority over the said defendants L. C. Fyhrie & Co.

"(5) Or that if said assignment should not be decreed to be void, waived, or otherwise declared invalid, that said L. C. Fyhrie be declared to be trustee of said plaintiffs, and that he be ordered and decreed to pay to said plaintiffs out of moneys in hand received under said assignment, or which may come into his hands under the same at any time hereafter, the full amount of their respective demands against said Davis & Shinnick, or as much thereof as the said moneys and the proceeds of the property so assigned will amount to, before making any application of the same to the payment of the claims of said L. C. Fyhrie & Co.

"(6) That said defendants be adjudged to account for all the property received by the said L. C. Fyhrie under the said assignment, and the said L. C. Fyhrie & Co. and

said William D. Cameron be adjudged to account for all moneys and other property received by them, or either of them, under any executions in favor of said L. C. Fyhrie & Co., and for all proceeds arising from the sale thereof.

"(7) That a receiver be appointed of all the property and effects of the said Davis & Shinnick.

"(8) That said defendant be required to deliver such money and other property to said receiver.

"(9) That an order of this court be made that said W. D. Cameron retain in his or their possession, custody and control, all the said property and the proceeds thereof, until the further order of this court.

"(10) That the defendants in the mean time be enjoined from disposing of any of the moneys received or which may be received by them, or either of them, or of the said property, or any of the proceeds thereof.

"(11) And for such other and further relief as the nature of the case may demand, as shall be agreeable to equity."

"EXHIBIT B.

"TOWNSEND, MONTANA, Sept. 14, 1883.

"*Messrs. W. & I. Steinhart & Co., San Francisco* — GENTLEMEN: We herewith send you a statement, at your request of the 27th ult. Having ordered goods of Sprague, Warner & Co., Chicago, we prepared this statement August 26th, thinking it might be required of us. It was not, however, and we received the goods as ordered, day before yesterday. You will doubtless think that we are carrying more on our books than is consistent, which fact we frankly admit; but until the entire system of business in this county undergoes a complete change, it cannot be avoided. Our allowance for bad accounts is liberal, as nearly all who are indebted to us are located here, and are perfectly responsible. Our valuation of property is just what it is worth to us in cash, and is not incumbered in any way, and is fully insured. As we did not invoice our stock, the estimated value of

it, as per statement, is way below its actual value. We wrote to L. C. Fyhrie for reference, but as I received a telegram last night stating that he is traveling, and will be here in a few days, do not think he has received our letter. If you consider yourselves safe in sending the goods, send them as soon as possible; if not, telegraph, if you please, to that effect, on receipt of this letter, and greatly oblige,        Yours truly,

"DAVIS & SHINNICK,

"Per Davis."

"EXHIBIT C.

"TOWNSEND, MONTANA, Sept. 12, 1883.
"*To W. & I. Steinhart & Co., San Francisco, Cal.:* Have you shipped goods to Davis & Shinnick, of this place; if not, you should, as they are good for amount ordered.        L. C. FYHRIE."

There being no allegations in the complaint that the foregoing letter and dispatch were sent with a fraudulent intent, this complaint, as we understand it, is not founded upon fraudulent representations, and does not contain the allegations necessary in such pleading, but rests solely upon the defendants' proceedings in attachment, and under the assignment procured by them, and their subsequent acts connected with them, by which they allege the attachment was merged in the assignment, and the defendants became the trustees of the partnership estate for the benefit of the plaintiffs.

Is the assignment, as it appears in the complaint, unsupported by any allegation setting forth the reason why it was executed by only one of the partners, a nullity? It is not alleged that he had any authority to do so from his copartner, or that his copartner was absent, or that he had intrusted to him the sole and exclusive control and management of the business, or that he was so situated that he must of necessity control it himself, or that it might be inferred from the course of their business, or

that his copartner had ratified the assignment. Nothing appears to explain or excuse or justify the action of the partner in thus summarily, and without consent or consultation, or other justification, disposing of the entire property of the firm. An assignment made under such circumstances has, under high authority, been held to be void and ineffectual to convey anything. See *Deming* v. *Colt*, 3 Sandf. 284; *Hayes* v. *Heyer*, id. 293; *Graves* v. *Hall*, 32 Tex. 665; *Coope* v. *Bowles*, 42 Barb. 88; 1 Lindl. Part. 266; Story, Part. § 101; *Havens* v. *Hussey*, 5 Paige, 30; *Kirby* v. *Ingersoll*, 1 Doug. 477; *Dana* v. *Lull*, 17 Vt. 390; *Fisher* v. *Murray*, 1 E. D. Smith, 341; *Wetter* v. *Schlieper*, 4 E. D. Smith, 707; *Stein* v. *La Dow*, 13 Minn. 413 (Gil. 381); *Holland* v. *Drake*, 29 Ohio St. 441; *Hook* v. *Stone*, 34 Mo. 329; *Pearpoint* v. *Graham*, 4 Wash. C. C. 234; *Hughes* v. *Ellison*, 5 Mo. 463; *Dickinson* v. *Legare*, 1 Desaus. 537; *Kimball* v. *Hamilton*, 8 Bosw. 495; *Ormsbee* v. *Davis*, 5 R. I. 442; *Dunklin* v. *Kimball*, 50 Ala. 251; *Brooks* v. *Sullivan*, 32 Wis. 444; *Haggerty* v. *Granger*, 15 How. Pr. 243; *Pattee* v. *Orser*, 18 How. Pr. 442; *Welles* v. *March*, 30 N. Y. 344.

The property was, therefore, subject to attachment, and the question of priority as to the writs is determined by the statute to be in the order of their levy. The filing of the complaint and the levy by Fyhrie & Co. were prior to those of the other parties to this suit; and they cannot be held as trustees having possession of the property for the benefit of the subsequent attaching creditors of Davis & Shinnick. The presumption does not arise, necessarily, that an assignment by one partner is regular and authorized, but the non-concurrence of the copartner should be explained or accounted for in the complaint, since only thus can that which is illegal and imperfect on its face become worthy of recognition and confidence. Nor is such an assignment made valid by the mere silence of the copartner; and it does not rest with him alone to repudiate it. Until it affirmatively appears that the assignment

made by one partner is authorized, or ratified, or necessitated by circumstances, it may be treated as void. The general powers of a partner do not extend so far as to authorize such an act, and no assumption by him of such a power can raise the presumption of authority or acquiescence, or ratification or necessity. The burden of showing these must rest upon those who claim the benefits of the assignment. See Burrill, Assignm. 64.

A pleading is to be construed most strongly against the pleader, and in the absence of any allegation on the subject it is fair to presume that Shinnick did not authorize or consent to or ratify the assignment, or that there was any controlling circumstance which required and justified the action of his partner in making it; but rather the contrary. A deed of assignment of the entire assets of a partnership for the benefit of creditors is an act of such importance and solemnity as that public policy would seem to require that it should be executed with full authority in advance, or made under such circumstances as that no question can arise as to its validity. In this case the assigning partner undertook, not only to convey all the personal property, but the real estate, of the firm. This attempt at the conveyance of real estate could never be made valid by acquiescence, by ratification, by necessity, or by their course of business. Such a conveyance must be authorized in advance by power of attorney. Holding, then, as we do, that the assignment as it appears is void, no trust was created in the defendants Fyhrie & Co.; and the argument of the appellant that they cannot abandon their trust created by it falls to the ground. There was nothing to abandon. It was but six days from the date of the assignment until the levy of the attachment upon the property. In this interval Shinnick did nothing to ratify, or even in recognition of, the assignment. And there seems to be no shadow of validity in the supposed trust alleged in the complaint to have been created by the assignment. We

think the demurrer to the complaint was properly sustained.

Judgment affirmed.

WADE, C. J., CONCURRING.  In this action, Steinhart & Co., plaintiffs and appellants, seek to set aside an attachment issued in favor of Fyhrie & Co., and levied upon the goods and property of Davis & Shinnick, and to charge said Fyhrie & Co. as trustees of said property for the benefit of the plaintiffs.  It appears that Davis & Shinnick were merchants doing business at Townsend, in the county of Meagher, and were largely indebted to Fyhrie & Co.  Wishing to replenish their stock of goods, they applied to Steinhart & Co. to purchase on credit, and in response to their application received a request for a statement of their financial condition, which was given in a letter of September 14th.  Two days prior to the date of the letter, Louis C. Fyhrie, one of the members of the firm of Fyhrie & Co., sent a telegram to Steinhart & Co., in which he represented that Davis & Shinnick were good for the amount of merchandise ordered.  Relying upon the statement of the letter and telegram, Steinhart & Co. sold to Davis & Shinnick a bill of goods amounting to $1,317.25, which were received by them at Townsend about the 1st of October.  Subsequently, and on the 30th day of October, Fyhrie & Co. commenced an action against Davis & Shinnick for the sum of $7,641, and caused an attachment to issue against all the property of Davis & Shinnick, but which attachment was not at that time served.  On the next day, October 31st, Fyhrie & Co. procured Davis, one of the partners of the firm of Davis & Shinnick, to execute in the firm name an assignment of all their property to Louis C. Fyhrie, which assignment made Fyhrie & Co. preferred creditors, and under which Louis C. Fyhrie, as assignee, entered into and took possession of all the property and effects of Davis & Shinnick, and held such possession until

the 6th day of November following, upon which day said
Louis C. Fyhrie, acting for the firm of Fyhrie & Co.,
placed said attachment in the hands of the sheriff, and
caused the same to be levied upon all the property of Davis
& Shinnick so assigned as aforesaid. On the 13th day of
November, Steinhart & Co. commenced an action against
Davis & Shinnick, and caused an attachment to be levied
upon the same property.

Upon this state of facts, what are the rights of the
parties? There is no attack upon the indebtedness of
Davis & Shinnick to Fyhrie & Co., and no question but
what the attachment in their behalf to secure the same
was regularly and properly issued. The plaintiffs ask to
have this attachment set aside for the reason that after
the same was issued, and before it had been served by
levying upon any property, Davis, one of the partners of
the firm of Davis & Shinnick, went through the extraor-
dinary performance of making an assignment of the
personal and real property of the firm for the benefit of
Fyhrie & Co., without the knowledge or consent, and,
for all that appears, against the will, of his copartner,
though the assignment may have been made in his pres-
ence. There does not seem to be much doubt that such
an assignment is void. Steinhart & Co. were not injured
by this void assignment. Notwithstanding the assign-
ment they might have commenced their action and had
the property attached. It is not alleged that they were
in any manner prevented, hindered or delayed in making
their attachment by reason of the assignment. If the
assignee had taken possession of the property, the as-
signment being void, such possession would not have
hindered or delayed the levy and execution of their at-
tachment in a proper action, in which the assignee was
made a party. What reason, then, is there for setting
aside the attachment of Fyhrie & Co.? It was first in
time. It was issued upon a valid debt. It was issued
before the assignment, and might have been levied then.

The property in question was levied on and taken possession of subsequent to the assignment, by virtue of this attachment. There is no charge of collusion or fraud between the assignee and Fyhrie & Co. in this matter. If the sheriff could have obtained possession of the property by virtue of the Fyhrie attachment, after the assignment, he might have done the same thing for Steinhart & Co. if they had caused their attachment to issue in time. It is not alleged that they were out of time, or that they were hindered or delayed in any manner, either by reason of the assignment, or any act of the assignee or Fyhrie & Co.

Did Fyhrie & Co., by virtue of the allegations of the complaint, become trustees of Steinhart & Co.? There is nothing in the complaint to show that Fyhrie & Co. attached any of the goods that Davis & Shinnick purchased of Steinhart & Co., but if their attachment covered and included all the goods so purchased, did Fyhrie & Co. or Louis C. Fyhrie thereby become the trustees of Steinhart & Co.? It is alleged that, in the sale of these goods to Davis & Shinnick, the firm of Steinhart & Co. relied upon the statements of Davis & Shinnick contained in their letter, and the representations of Louis C. Fyhrie contained in his telegram. What of it? For all that appears in the complaint these statements and representations, at the time they were made, were absolutely and entirely true, and such as those parties might have honestly and conscientiously made. The complaint does not attack the good faith of these persons in making these statements and representations. There is nothing to show that they were untrue. It is not alleged that they were false, or that they were made with a fraudulent intent. But if they were wholly untrue, and made with intent to deceive, it is not shown that the plaintiffs were in such a position as to have had the right to rely upon them. If they knew that the statements and representations were false, they relied upon them at

their peril. It is not alleged that these representations were false. And if they were in fact false, it is not shown but what the plaintiffs knew it. But if the state-ments contained in the letter of Davis & Shinnick were false, and made for the purpose of deceiving Steinhart & Co., the firm of Fyhrie & Co. could not be held responsible for such statements, in the absence of any averments showing collusion or conspiracy between Davis & Shinnick and Fyhrie & Co. to defraud Steinhart & Co. In the absence of such averments, Fyhrie & Co. would not be responsible for or affected in any way by the false statements of Davis & Shinnick. Neither could Fyhrie & Co. be held responsible for a false telegram of Louis C. Fyhrie, unless the company authorized it, which they did not. But as the good faith of the letter and telegram are in no manner attacked, we must take it that the statements and representations therein contained, at the time they were made, were true in every particular; and therefore, since the assignment was void, there does not seem to be any reason, by virtue of the allegations of the complaint, for declaring a trust in favor of Steinhart & Co., or for setting aside the attachment of Fyhrie & Co.