## Hughes v. Ellison.

1. A deed of trust, executed by one of two partners to a trustee, purporting to convey all the goods and effects of the firm for the benefit of such creditors as might become parties to the deed within sixty days, and the balance to remaining creditors, upon condition that those who became parties should release the firm from future liability, cannot be set up against an attachment, levied on the property of the firm, *before the trustee took possession* under the deed.

2. Such a deed, to be effectual under any circumstances, should be accompanied with proof that the persons recited in the deed as creditors were bona fide creditors to the amounts specified.

3. One partner cannot make a general assignment of the partnership effects, so as to bind the other; nor will such assignment avail to place the trustee in his own position, as partner.

ERROR from the circuit court of Cooper county.

*J. Wilson*, counsel for plaintiff in error:

Hughes assigns for error: 1. That the court below erred in excluding as evidence from the jury the instrument of assignment read as evidence in this cause.

2. The court below erred in refusing to grant a new trial, both of which involves the same point—that is, whether the instrument of assignment is void upon its face. It is contended by the plaintiff, which was denied by the court below, that one partner has a right to make a general assignment of all the goods and chattels, &c. of the firm—3 Mo. Rep. 252; 3 Kent's Com. 20, 25; Gow on Partnership, 95; Hodges v. Harris, 6 Pickering's Rep. 362. Admitting that one partner has no right to make an assignment in the name of the firm, still the partner executing the instrument of assignment, is individually bound by his own act—Gow on Partnership, 94; Green v. Beals, 2 C. R. 254.

*Hayden*, counsel for defendant in error:

The counsel for Ellison will insist upon the following points: 1. That the partner, Dobbyns, had no right or power, as partner of McCune, to make the instrument of assignment, so as to invest the partnership property in Hughes, and that therefore the assignment is void.

2. That if he had power to transfer his own interest, as partner, to Hughes, yet by doing so, Hughes was thereby substituted in the partnership interest of Dobbyns with McCune, and had no separate interest in the partnership effects, and could neither sue for the goods attached alone, nor interplead in the attachment upon the same principles.

3. The instrument of assignment, upon its face, is fraudulent and void *per se*.

SEPT. TERM,
1838.

Hughes
v.
Ellison.

Tompkins, Judge, delivered the opinion of the court.

Ellison sued Dobbyns & McCune before a justice of the peace, and procured an attachment to be issued against their property. Harvey J. Hughes, claiming the attached property as his own, interpleaded in the cause under the 2d section of the 2d article of an act supplementary to an act, entitled "An act to provide for the recovery of debts by attachment," approved February 6th, 1837. Ellison denying his right to the attached property, an issue was made upon the interpleader, and that issue being found for Ellison, he had judgment before the justice. Hughes appealed to the circuit court, where judgment being again rendered against him, he moved for a new trial; and his motion being overruled, he comes into this court by writ of error to reverse the judgment of the circuit court. The bill of exceptions shows that on the trial of the cause Hughes read in evidence a deed of trust made by Dobbyns on behalf of himself and McCune, his partner in trade, by which deed were conveyed to Hughes all the goods, property and effects, &c. of said Dobbyns & McCune, in trust to be by him disposed of, and out of the proceeds thereof to pay, first, all necessary expenses; secondly, all those creditors, in just proportions, who shall within sixty days become parties to the said deed; and thirdly, if any be left after paying all the demands of those who might within sixty days assent to and execute said deed, to appropriate it to the payment of the demands of the remainder of his creditors. By the terms of the deed, the creditors who become parties to it, released Dobbyns & McCune, in consideration of the dividend, from all further demands and claims, whether the same were due or not at the time of the execution of the deed.

A deed of trust, executed by one of two partners to a trustee, purporting to convey all the goods and effects of the firm for the benefit of such creditors as might become parties to the deed within sixty days, and the balance to remaining creditors, upon condition that those who become par-

No person can doubt of the right, in the abstract, of any debtor to prefer any one creditor to another by paying his claim either in money or property; the only restriction imposed by our laws on this right, is that imposed by the act for the relief of insolvent debtors. The petitioning debtor, in order to obtain the benefit of the act, must, among other things prescribed by the act to be done, swear that he has not paid, &c. or in any way compounded with any of his creditors with a view, fraudulently, to obtain the benefit of the act. The same act, in the 30th section, provides a summary mode of proceeding against any petitioning debtor who "hath assigned, conveyed or delivered any of his debts, rights or

SEPT. TERM,
1838.

Hughes
v.
Ellison.

credits to any other person, with intent of taking the benefit of the act, or who hath given an undue preference to any creditor, &c. The debtor who may be guilty of the acts above mentioned as prohibited, loses the benefit of the act. In the present case the deed was executed at St. Louis, for a nominal consideration, to a man who is a mere agent of the makers of the deed, and the property granted by the deed was in Boonville, two hundred miles distant. Betwixt the time of the execution of the deed of trust and that of the arrival of the trustee from St. Louis in Boonville, to take possession of the goods conveyed in the deed of trust, the attachment was issued and levied on a part of the goods. It is unnecessary, therefore, for this court to say (indeed it would be extra judicial to declare in this cause) what would have been the effect of this deed by which the makers undertake to hold up the property for sixty days in the hands of their agent in order to make terms with the creditors. The trustee, in my opinion, acquired no right whatever against the attaching creditor by the delivery of the deed of trust at St. Louis. This deed of trust, it may be observed, is made to Hughes, not for the benefit of any particular creditors of Dobbyns & McCune, named in such deed, who might be, perhaps, presumed to assent to the act of Dobbyns in making the deed. But it may be here observed, that had the deed even been executed by persons purporting to be creditors of the arm of Dobbyns & McCune, yet still, as against the attaching creditor in this cause, the trustee, before he could have any right to give the deed in evidence, ought to have proved that they were, in good faith, creditors. The error assigned by Hughes is, that this deed was excluded by the circuit court from the consideration of the jury.

For the reasons above given, I am of opinion that the circuit court committed no error in excluding this deed from the jury. Other points were made in the circuit court, which will be noticed, although it is not material in this case to do so; they may, however, become material in other cases, and being zealously contested, and now fairly before the court, it may not be improper to decide them.

It was contended in the circuit court by Hughes, the interpleader, that one partner has the right to make a general assignment of all the goods and chattels, &c. of the firm. To sustain this point, the case of Deaver v. Savage and others, (S. . Dec. p. 2:2,) is cited; 3 Kent's

*Margin headnotes:*

ties should release the firm from future liability, cannot be set up against an attachment, levied on the property of the firm, *before the trustee took possession* under the deed.

Such a deed, to be effectual under any circumstances, should be accompanied with proof that the persons recited in the deed as creditors were bona fide creditors to the amounts specified.

One partner cannot make a general assignment of the partnership effects, so as to bind the other;

SEPT. TERM,
1838.

Hughes
v.
Ellison.

nor will such as-
signment avail to
place the trustee
in his own posi-
tion, as partner.

Com. p. 201, 25; Gow on Partnership, 95. The case ci-
ted from the Missouri Reports, does not show even the
point made. Keene & Page, it seems, had been in part-
nership, and the partnership had been dissolved on such
terms that the whole stock, goods, debts and effects of
the firm became the sole property of Page, who took
possession, and afterwards made the assignment.

The points made in that case, were: 1. That the deed
was void for want of certainty in the description of the
property conveyed. 2. Because it established a prefer-
ence among the creditors of the grantor. It is said in
20th Kent's Com. vol. 3d, of the 1st edition, that "with
respect to the power of each partner over the partner-
ship property, it is settled, that each one, in ordinary ca-
ses, and in the absence of fraud on the part of the pur-
chaser, has the complete right to dispose of the whole
partnership interests, and is considered to be the author-
ized agent of the firm. He can sell the effects, or com-
pound, or discharge the partnership debts. This power
results from the nature of the business, and is indispen-
sable to the safety of the public, and the successful op-
erations of the partnership." In the cause now before
this court, Dobbyns does not assume to sell the effects,
or to compound, or discharge the partnership debts; but
he strips not only himself but his partner of all power
of doing either, by transferring that office to another per-
son, Hughes. Gow on Partnership, p. 95, (cited,) also
shows that one partner may release a debt due the firm,
which, to the present case, is quite immaterial.

But it is contended that the deed was efficient to con-
vey to Hughes all the interest of Dobbyns, and to prove
this we are referred to Gow on Partnership, p. 94, where
we learn that one partner, unauthorized by the firm, who
executes a bond in his own name and that of his copart-
ner as their joint and several bond, will be held bound by
this bond, although inoperative against his partner, so as
to bind him to pay money; for he cannot avail himself
of the objection arising from the non-execution of the
bond by his copartner. So if a partner on behalf of
himself and his copartner, refer all differences between
the partners and a third person to arbitrators, and pro-
mise to perform their award, which directs that the suits
against such partner shall cease, and he shall pay a cer-
tain sum, such partner is liable to an action for a non-
performance of the award, although the other partner is
not made a partner to the submission. The effect of
Dobbyns's deed here is to dissolve the partnership be-

twixt himself and McCune, without the consent or knowledge of McCune, and to impose on him another person in the character either of partner or of owner in common of the joint stock before held by him and McCune, a case by no means parallel with those cited. It is my opinion that he had no right whatever to dispose of his own part of the stock of goods without the consent of McCune, so as to put it into the power of Hughes for the purpose aforesaid. The circuit court, then, in my opinion, committed no error in refusing to permit this deed to be read to the jury; and such being the opinion of the other members of this court, the judgment of the circuit court is affirmed.