## DRAKE v. ROGERS & SHREWSBURRY.

MAY TERM
1840.

Drake
vs.
Rogers and
Shrewsburry.

*Ter vrh lrnr-*

| 6 | 317 |
| 35a | 674 |

1. A deed of assignment for the benefit of such creditors as should, within a given time, become parties thereto and execute a release, would be of no avail until executed by the creditors, even though such deed were not void on account of the stipulation for a release.

2. It would seem that a deed of assignment, in order to pass partnership effects, must be executed by the dormant as well as the active partners.

Appeal from the Circuit Court of St. Louis county.

*Spalding for Appellant.*

1. There is no fraud in fact proved; this will be apparent from an inspection of the record, &c.

2. The deed is a valid one.  1. It was a sufficient deed to pass the partnership effects, Collyer on partnership 424–5, and 492–3, as to all partners suing and being sued where there is a dormant partner.   Angell on assignments 49, 50 &c. 1 Paige's Ch'y. Rep. 517. 4 McCord's Rep. 519. 4 Wash. Rep. 232. 4 Day's Rep. 428. 5 Cranch Rep. 300.— 2. The fact of a release being required does not invalidate it, Angell on assignment 95–105, &c. 4 Mason Rep. 206. 3 Price's Rep. 6.

3. It is not invalid in consequence of attachments being served before the creditors, or any of them, assented, &c. Angell on assignments 168, as to general principles.  Ibid 171 n. 2, that assent is presumed as to preferred creditors. 11 Wheat. Rep. 78, (6 Pet. Con. 232,) Ibid 173, that the different decisions in Massachusetts are owing to the peculiar laws there, &c. 4 Mason Rep. 206, and Angell 19. 3 Maule and Selwyn 372.

4. It is not void for the want of, or defect in schedules of property conveyed, or creditors provided for.   3 Mo. Rep! 252, Deaver vs. Savage and al. Angell on assignment 71.— 7 Peters Rep. 614.

*Gamble and Polk for Appellees.*

1st- The deed of assignment set out in the answer of the garnishee, and in the bill of exceptions, and under which Drake claimed, as interpleader, is fraudulent per-se, Austin vs. Bell 20 John Rep. 442.  Clark vs. Hyslop 14 do 459, and Laving vs. Brickenhoff 5 John Ch. R. 329.

2nd. The deed in question is a tri-partite deed, requiring

to be executed by creditors as well as by assignors and as-
signee, and this attachment was issued and served, both on
defendants and garnishees, before the execution of the deed
by any of the creditors, and holds the effects attached in
opposition to claims under the deed. See 5 Mo. R. 241. 15
M.. .. 453. 10 do. 148, and 17 do. 457–8.

3 .. deed was not executed by Sisson, a partner of
Ea.. ...., but only by Eads & Buchanan, and,
ther.. .. .. pass the partnership effects. Hughes
v, Ell . .. 163.

4t.. . .. proof in this cause, that the persons
name .. .. e headed, "preferred claims," were cre-
ditors .. ..t assumed, and the assignment is, there-
fore, v.. . .. ers and Shrewsbarry. See Crow & Te-
vis v. Ras.. . it. 484.

*Opinion of the Court delivered by Napton Judge.*

The appellees brought an action of assumpsit against
Thomas C. Eads, Ezekiel Buchanan and Freeborn Sisson.
An attachment issued, on the usual affidavit, which was ser-
ved on the defendant Sisson, but was not executed on Eads
or Buchanan. Divers persons were summoned as garni-
shees, and among others Ch's. D. Drake the appellant.—
The answer of Drake, after responding negatively to the in-
terrogatories, stated, that on the 4th April 1836, the said
Eads & Buchanan executed to him a deed of assignment, a
copy of which, with its annexed schedule, was attached to
his answer. He further stated, that he had taken immedi-
ate possession of the goods pointed out to him as the stock
of said Eads & Buchanan, and immediately placed the goods
at an auction store, to be sold. He also took possession of
the goods in transitu consigned to said firm, so soon as they
reached St. Louis. An account of the sales is given to the
amount of $2622,89, and he admitted in his hands, as as-
signee, after deducting expenses of sale, $2292,20. No dis-
position had been made of the lands assigned.

The deed of assignment is a tri-partite deed, between
said Eads and Buchanan of the first part, said Drake of the
second part, and the creditors of said Eads and Buchanan,
who should become parties thereto, of the third part; the

deed was executed by Eads in person under seal; by Buchanan, by his attorney the said Drake, on 4th April 1836; by said Drake as party on the second part, on the same day; and by three creditors, who executed by their attorney Charles D. Drake under seal, on the 3rd of August 1836.

The trusts declared in the deed were. first, to pay expenses of assignment.

Second. To pay the claims of the several creditors headed, " preferred creditors."

Third. To pay the claims of those creditors who should execute the deed within four months from the date of the deed,—with a proviso, that no claim shall be paid unless claimant shall come into the deed as above stated. The deed contains a release from all the creditors.

Charles D. Drake filed an interpleader, and claimed the property attached in the hands of two of the garnishees, and the issue, upon the interpleader, was submitted to the court sitting as a jury, which issue, was found against said Drake. Said Drake then moved to be discharged as garnishee, which motion the court overruled, and the court rendered judgment against the garnishee for the amount of the judgment obtained against defendants. A motion was made by Drake for a new trial, because the verdict was against law and evidence, which was over ruled and exceptions taken.

From the bill of exceptions it appears, that Freeborn Sisson, one of the defendants in the main suit, was a dormant partner in the house of Eads and Buchanan: that he was not in the city of St. Louis, where the assignment was made, when it was executed, and the same was executed without his knowledge or consent.

The deed of assignment, in this case, contains the same stipulation for a release, which this court has pronounced fatal in the case of Brown v. Knox & Boggs, decided at this term. But two other points have been raised, distinct from those disposed of in that case.

The first is that this assignment was not executed by any of the creditors until after the levy of the attachment. The deed of assignment was a tri-partite deed, and the creditors

who were to become parties on the third part, by executing the deed, released all demands and claims upon the property of the assignors, except such as accrued by virtue of the deed itself. Where a deed is for the benefit of a party, the law would not presume his dissent, and his execution of the deed might not be necessary to its validity. But no presumption in favor of the execution of the instrument by the creditors, could be made in this case, where important benefits were stipulated for by the debtors.

Even the preferred creditors might well hesitate before they would sign this deed, where they, in common with all others who might sign would release the debtor from all future liability. The facts in this case appear to coincide very well, with this legal presumption, as we see that only three creditors signed, and not until nearly four months had elapsed after the execution of the instrument by the assignors and assignee. This assignment was therefore for this reason void against the attaching creditors.

It would seem that a deed of assignment, in order to pass partnership effects, must be executed by the dormant, as well as the active partners.

It is also urged that this deed was insufficient to pass the partnership effects, because Freeborn Sisson, a dormant partner of the firm of Buchanan and Eads, did not execute it. This court held in the case of Hughes v. Ellison (5 Mo. Rep. 463) that one partner could not make an assignment.— But I do not perceive how the rule, admitting it to be correct could apply to a dormant partner. The ostensible partners may sue and be sued, without any notice of the dormant partner, and why may they not also make an assignment without his consent? No authority on this point has been cited, but it has not been shown how third parties can be prejudiced by such an assignment. The dormant partner might perhaps have reason to complain, but so far as the rest of the world are concerned, they have not been prejudiced. This objection ought not to avail, in my opinion, in a suit of this description. Judgment affirmed.

McGirk and Tompkins Judges concurring in this opinion, except as to the last point.