JADOK HOOK, Appellant, *v.* ISRAEL G. STONE, Respondent.

*Partnership—Assignment.*—One partner has no power to make a general assignment of the partnership effects for the benefit of the creditors of the firm.

*Agency—Power—Partnership.*—A power of attorney from one partner to his co-partner, giving him authority to manage his individual business, and also to superintend the partnership business, to make such purchases as is usual to keep up the stock, and to renew notes in bank, will not authorize such co-partner to make a general assignment of the partnership property.

*Appal from Callaway Circuit Court.*

*H. C. Hayden,* for appellant.

*E. B. Ewing,* for respondent.

BATES, Judge, delivered the opinion of the court.

Dyer and Robertson were partners in business, as merchants, at Fulton, Missouri. Early in the year 1862, Dyer went to the State of California and acquired a domicil there. Before going, he executed a power of attorney to Robertson, in which he authorized him to manage his individual business and also to superintend their joint interest as co-partners, and to make such purchases as is usual to keep the stock of merchandise complete, and to renew notes in bank.

In July, 1862, the co-partnership being insolvent, and Dyer absent in California, Robertson made to Stone, as a trustee, a general assignment of the goods and other property of the firm, for the benefit of the creditors of the firm.

Hook, a creditor of the firm, caused some of the assigned

goods to be seized for the satisfaction of his debt, and the only question presented for our consideration is as to the validity of the assignment.

The court below held the assignment to be valid. We think that court erred.

I. Robertson could not make the assignment by virtue of his authority as partner. This is settled by previous decisions of this court. (Hughes v. Elison, 5 Mo. 463; Drake v. Rogers & Shrewsburg, 6 Mo. 317.)

II. The power of attorney gave Robertson no power to make the assignment. There are no words in it which either expressly or by remote implication give such a power, and indeed the respondent does not claim that it does grant such power.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.