PETITION OF MARIUS S. DANIELS *et al.* for an Opinion of the Court.

One of several copartners cannot make an assignment of the partnership property to pay the partnership debts without the consent of his copartners, if they are present or where they can be consulted.

But one of several copartners can make such an assignment, if being in charge of the property he acts in good faith to meet a crisis in the business, although without the consent of his copartners when they are absent or where they cannot be consulted.

When actual delivery of goods cannot be made a symbolical delivery suffices.

An assignee of property, a part of which was under attachment, took possession of that not attached and demanded that attached:

*Held,* that he had done all that was necessary to perfect his title.

CASE STATED for the opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*May* 16, 1884. DURFEE, C. J. The case stated shows that on December 14, 1883, the firm of Dudley, Potter & Tillinghast sued out a writ against the firm of Gilbert & Prevost, which was served December 14 in foreign attachment on two insurance companies, and December 15, by attachment of certain horses, carriages, and other personal property belonging to Gilbert & Prevost, and also in due course on the copartners, Joseph Gilbert and Hyacinthe L. Prevost. December 20, 1883, Hyacinthe L. Prevost executed a deed of assignment which purported to convey all the copartnership property to Marius S. Daniels, in trust for the equal benefit of the copartnership creditors. The deed was under seal, signed in the firm name by Prevost, and accepted under seal by Daniels, who covenanted that he would faithfully execute the trusts therein created. The deed was duly recorded on the same day in the town where the partners had resided. At the time the deed was executed Joseph Gilbert was absent, and had been absent without being heard from since December 15. Neither his copartner Prevost nor any of the parties to these proceedings knew where he was, but their belief was that he had absconded and did not intend to return. He did return, however, and on January 3, 1884, joined with Prevost in the execution of a deed whereby they assigned to Daniels their partnership property for the equal benefit of their partnership creditors, and their individual property for the equal benefit of their respective individual creditors. This

assignment was duly recorded. The case also shows that after the first attachment, and before the return of Gilbert, Daniels demanded of the officer the partnership property attached by him which he had in his custody, and that the officer refused to surrender it to him. The case further shows that there was a small quantity of personal property belonging to Gilbert & Prevost which was not attached, and that Daniels gave orders for the disposition of it, and that it was disposed of accordingly.

The question is whether, under Pub. Stat. R. I. cap. 237, § 12,[1] the attachment was dissolved by the assignments or either of them. It was dissolved if the first assignment was invalid; but if the first assignment carried the property attached, then, according to the decision of this court in *Aldrich* v. *Arnold*, 13 R. I. 655, the attachment holds. The question is, then, was the first assignment valid.

We think it is well established now that one of two or more copartners has no authority simply as such to assign the entire partnership effects to a trustee for the payment of the partnership creditors without the consent of his copartners if they are present or at hand where they can be consulted. *Ormsby* v. *Davis & Co.* 5 R. I. 446; *Welles* v. *March*, 30 N. Y. 344; *Deming* v. *Colt*, 3 Sandf. 284, 292; *Fisher* v. *Murray*, 1 E. D. Smith, 341; *Kirby* v. *Ingersoll*, 1 Doug. Mich. 477, 490; *Hughes* v. *Ellison*, 5 Mo. 463; *Bull* v. *Harris*, 18 B. Mon. 195, 199. But, on the other hand, if the other partners be not present or where they can be consulted, we think it is well established that an assignment of the partnership effects to a trustee for the partnership creditors is valid without their consent, if made by the partner in charge in good faith to meet a crisis or exigency of the business, and that it is none the less valid for being made in the firm's name under seal so far as the personal effects are concerned. *Anderson & Wilkins* v. *Tomkins*, 1 Brock. 456; *Harrison* v. *Sterry*, 5 Cranch, 289, 300; *M' Cullough* v. *Sommerville*, 8 Leigh, 415; *Robinson* v. *Crowder*, 4 McCord, 519; *Deckard* v. *Case*, 5 Watts, 22; *Welles* v. *March*, 30 N. Y. 344; *Kemp* v. *Carnley*, 3 Duer, 1; *Palmer* v. *Myers*, 29 How. Pr. 8; 1 Amer. Lead. Cas. 446, 447. We think the case at

---

[1] Printed *ante*, p. 299, note.

bar falls under the authority of the cases last named. The first assignment was therefore good unless the lack of delivery of the property assigned invalidates it. The assignee did take possession of the goods not attached. The assignor could not deliver, and the assignee could not take possession of the goods attached. He did what he could to get possession ; he demanded them. When an actual delivery cannot be made, a symbolical delivery will be sufficient. In the case at bar the assignment, which was duly delivered and recorded, was on the express trust that the assignee should forthwith take possession of the goods assigned, and under the circumstances we think he did all that was necessary to perfect his title. *Whipple* v. *Thayer*, 16 Pick. 25 ; *Mann* v. *Huston*, 1 Gray, 250 ; *Mitchell* v. *Cunningham*, 29 Me. 376, 385 ; *Arnold* v. *Brown*, 24 Pick. 89. The personal estate attached in the hands of the insurance companies we understand to have been money due, *i. e. choses in action*, not deliverable otherwise than by delivery of the instrument of transfer. And, moreover, the assignee who covenanted to carry out the trusts of the first deed cannot, acting in good faith, claim them under the second.

Our conclusion is that the first assignment was good, and consequently that the attachment has not been dissolved.