JOHN W. HOWELL, J. C. GREELEY, ASSIGNEE, APPELLANT, vs. WM. T. DIXON & BRO., APPELLEES.

1. A deed of assignment preferring certain creditors, and providing. that the assignee after the payment of said creditors should "distribute and pay the remainder of said proceeds ratable and in equal proportion to my other creditors in satisfaction and release of all my debts by me owing," is void as to creditors.

2. A deed of assignment containing a clause for a *pro rata* payment of the remaining creditors, after certain other preferred creditors were paid, and providing for a return of any surplus there might be to the assignor, is void as to creditors.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellants.

The first assignment of errors brings up the principal question involved in this suit, and that is whether or not the court below erred in giving the charge that it did give construing the assignment from Howell to Greeley put in evidence in this cause.

In the first place we insist the language used in this assignment, which embraces the alleged provision enforcing a release by creditors taking under it of their debts being allowed to participate in the assigned assets, does not properly call for or bear the construction put upon it by appellees' counsel in the court below.

It is contended by appellees that this assignment is void and passed no title to J. C. Greeley of the goods levied on in attachment by appellees because the assignment calls for a full acknowledgment of satisfaction and release of their entire debt by each creditor demanding payment out of Howell's assets under said assignment, and that that pro-

vision is a " hindering, delaying and defrauding " creditors within the meaning of the statute and renders void this instrument. We say that in the most extreme cases, going farthest in declaring assignments void for this reason, that it is only in cases where the assignment in terms demands a release to be executed by the creditor within a given time on a condition precedent to being paid their *pro rata* under the assignment. An examination of the New York cases on which all of said doctrines stand originally for a foundation, shows that such is the fact. Now what is the provision in this case—this is the language: " To distribute the remainder of said proceeds ratable and in equal proportion to my other creditors in satisfaction and release of all my debts by me owing." Now what does this provision, all taken together, mean?—only that each creditor is to be paid in ratio as his debt was to all the debts, and this payment should be in satisfaction and release of the ratable and proportionate part of debt paid, or that assignee get a release if he could. There is no provision here as in every assignment declared void that the payment must be in acknowledged release by each creditor of his and each of their several debts. The provision is " in satisfaction and release of all my debts by me owing," that is, just as far as the assets remaining in the assignee's hands would admit. This part of the provision is not a condition addressed to creditors but is an instruction to the assignee to pay all of assignor's debts as far as possible, and there is no express demand of a release or exclusion if one is not given by each creditor. 11 Wendell, 187.

That construction is to be put upon language in an instrument which will carry out intention of the parties, give it a fair, honest, valid significance, and make the instrument most for the beneficiaries or grantees; under these rules the construction we contend for is the proper one to give this

language.   Jenett vs. Woodward, 1 Edwards' Chy., 197;
3 Cowen, 284; 20 Missouri, 463.

But if we admit this provision of the assignment to
amount in effect to a stipnlation or requirement for a re-
lease and discharge in full by each creditor as a condition
upon which alone he can be paid his *pro rata* of the residue
of debtor's estate after paying preferred creditors, there, we
say, such a provision is valid, both on authority and on
principle.

Let us examine the authorities.

In Florida we have no statute governing assignments by
an insolvent debtor save in cases of limited partnership,
which does not apply in this case.

The Supreme Court of this State have not had this ques-
tion before them of a provision for a release in
full by creditors taking a *pro rata* share under an assign-
ment, but they have distinctly decided in two cases that
debtors might prefer creditors in making an assignment,
and that unless there was an actual intent to delay, hinder
and defraud creditors by such preference they are held
valid.

If the free, uncontrolled right to prefer creditors is ad-
mitted, then the right to demand a release as descriptive of
a class preferred is good.

This court, in Bellamy vs. Bellamy, Admr., say: "It is
well settled law that a person in failing circumstances may
prefer creditors; a sale, assignment or other conveyance is
not necessarily fraudulent because it may operate to the
prejudice of a particular creditor.   The delay necessarily
resulting from a fair exercise of these rights is not prohib-
ited by any statute."   See Bellamy vs. Bellamy, Admr., 6
Fla., 101.

In 9th Florida, in case of Walters & Walker vs. Whit-
lock, pages 96-7, this court passed upon an assignment

containing a provision much more coercive and restrictive of the creditor's rights, and decided in favor of the validity of the assignment. The provision is set out in a copy of the assignment, page 89 of the case. The court decided that that assignment, " containing no provisions repugnant to our own laws, nor to the policy and positive institutions of the State, we must hold the assignment valid here." 9 Fla., 101.

In England, such provision has uniformly been upheld, although they have strict bankrupt laws, intended to make an exactly ratable distribution among all creditors. 3 Price (Ech.,) 6, 5 Eng., C. L. ; 2 Tenn. R., 763 and Eq., 431 ; 4 Tenn., 166 ; Burrill on Assignments, 251.

The cases in Pennsylvania which hold these assignments valid are numerous. The first and leading case is Lippincott & Ameely vs. Barker, 2 Binney, 173. Under the Pennsylvania cases only those assignments are held void when it does not appear that all the debtor's property was assigned ; where all property was assigned and creditors came in and accepted as to them, the trust is complete and valid. 4 Barr, 448 ; 6 Watts & Sergeant, 300 ; 7 Sergeant & Rawle, 510 ; 8 Watts & S., 304 ; Langston vs. Bell, 198 ; **9 Barr, 504.**

In Virginia, the cases are strongly in favor of these assignments, which contain provisions for releases, and the reasoning seems to us to present the argument on the side of the validity of these assignments with so much force that we quote the language of the court as part of our brief: " It is difficult indeed to imagine on what principle the right of composition by the assent of the creditors can be contested, if the right of preference be conceded He who gives up his all, and who in doing so has a *right* to pay *one* in exclusion of *others*, cannot justly be charged with fraud because he prefers those who humanely surren-

der all claim to his future labors.    To set aside such pref-
erence as fraudulent is to deny the right to prefer, which
on all hands is conceded."    8 Leigh., 291 ; 8 Grattan, 547 ;
18 Grattan, 387.

In Maryland these assignments were upheld because of
the long continued practice and understanding in the com-
mercial world that provisions for releases were valid.    We
submit that the case cited in 9th Fla., upholding a simi-
lar assignment, was enough to make business men and law-
yers believe that such assignments were valid and many
titles may be held under such an assignment.    4 Gill, 162 ;
8 Gill, 502, 499.

And on further ground that the debtor might prefer all
creditors but this one here complaining, and certainly that
would be upheld, why not a preference to such as shall re-
lease ?

In Alabama such assignments have been upheld, the
court there holding that they are not coercive or compul-
sory, as creditors may assent or not as they see proper.    It
is a mere compromise or compounding, and it but pays the
assenting creditor in preference to those not assenting.    2
Stewart, 98 ; 21 Ala., 389 and 390.

Assignments of this character are upheld also in Mas-
sachusetts.    5 Pick., 28 ; 8 Pick., 298.

Also in Maine, (before changed by statute.)    5 Green-
leaf, 245 ; 6 Greenleaf, 397.

There are no cases stronger in support of assignments
than those of Rhode Island, where, when the proportions
of non-assenting creditors are in terms reserved to the debtor,
they are still regarded as valid.    R. J. ; 6 R. I., 321 ;
7 Ib., 22.

So also in Arkansas.    See 36 Ark., 404.

The United States Courts, both Supreme Court and Cir-

cuit Courts, have sustained the validity of assignments with releases, some of them because they were considered valid in the States from which the case came or where occurring, but many of them regarded as leading cases contain principles which we think furnish strong grounds for every court to hold that provisions for releases in assignments do not invalidate them.

The leading case in Circuit Courts, is Halsey *et al.* vs. Whitney, 4 Mason, 229.

In Brashear vs. West, 7 Peters, 615, this is the language: " Humanity and policy plead so strongly in favor of leaving the product of his future labor to the debtor who has surrendered all his property, that in every commercial country known to us, except our own, the principle is established by law." See also Pearpoint vs. Lord, 4 Wash., 332 ; 8 Wheat., 268 ; 1 Curtis, Cir. Ct. Reps., 162.

In the text writers, both in Kent's Commentaries and Story's Eq. Jurisprudence, the right to demand releases is recognized and authorized. 2 Story's Eq., 1036 ; 2 Kent's Coms., 533.

Now on principle these provisions for releases if the creditor takes under the assignment do not invalidate the instrument in which they are found.

If assignments are void that contain such a provision, it is because the assignment is a disposition of property of a debtor not *bona fide*, and not for a valuable consideration, and with intent to delay, hinder and defraud creditors. We say that where an assignment provides that creditors are to be paid *pro rata* on their executing releases, that it is a disposition of the debtor's whole property on a valuable consideration, because if on the division all the creditors get all their demands there is a lawful *bona fide* consideration for the conveyance, and if each creditor gets a *pro rata* then

there is a valid disposition of the property, because one debtor's right to payment is as good as another's.

The sole question on each assignment is, was the property conveyed in the assignment legally conveyed and is the instrument conveying it valid, not whether the action of the debtor is co-ercive or oppressive. We submit in no view of the case can such a disposition of property be invalid, as whether a *pro rata* division or an entire payment absorbs the property, the property has gone to a proper, legal end.

In next place this is but a designation of a class of creditors whom the debtor prefers; if he may prefer one creditor, he may say "I prefer such as will release me." If he choose, he may in the assignment, by name, prefer every creditor but this one here attacking assignment, and leave him to get his debts as best he might, but instead, he says: "I will give you part of this property in payment if you will release your debt." Every conveyance is a hindering and delaying of creditors, so is every preference by a debtor, but it is only a hindering and delaying under the statute which invalidates the assignment—that is for creditors having *no debts* or to a stranger without any consideration.

The effect of an assignment is not to protect or cover up property from a debtor, but for them, and is designed to give some sort of equal distribution instead of leaving the property to the first creditor who sues out execution and enforces it to the exclusion of all others.

If assignments which demand a release on payment of a *pro rata* share are void, it is because they force terms upon a creditor, and take from him part of his debt without payment. But such cannot be the legal effect of it because every bankrupt and insolvent law does exactly the same thing, and if it amounted to taking the debt without paying for it they would all be unconstitutional.

The purpose is to allow debtor to once more go to work and pursue his business without the overhanging, overshadowing load of large debts, that he cannot work out under them ; hence these provisions for releases on *pro rata* payment are for general good as well as for benefit of debtor.

We think that under our statute and the ruling of the Supreme Court of this State, it is necessary that the assignment must be " *devised of malice, fraud, or the like,*" or it will not be declared void although it hinders and delays creditors, and that no device or intent is apparent here. See 4 East., 1, 13 ; 6 Conn., 784 ; 6 Fla., 62, 102 ; 2 Mich., 306 ; 7 Ind., 17.

We call the court's special attention to the fact that many of the decisions against assignments arise from the fact that the statutes in those States have nothing to say as to conveyance, being "devised, &c., of covin and guile with intent, &c.," but make conveyance void if without consideration or if with notice and participation in fraud. Burrill on Assignments, 501.

Also that in most of the States there are statutory regulations as to assignments, and provisions that prohibit preferences and conditions on the assignments.

But all the early cases that we cite sustain provision for releases when there were no statutes prohibiting them. Burrill on Assignments, 25 to 49.

In construing this statute of frauds it seems to us if there is no design or device to actually defraud the creditor, or if the *assignee* and other *distributees* did not participate in the fraud, then under the proviso in the statute although the instrument might delay one particular creditor, yet it is not void.

This attachment and levy ought not to have been allowed, and charge and judgment of the court ought not to have

been what it was, because there are other creditors than appellees with distinct unconnected debts secured by this assignment and preferred claims which were to be met. This attachment is made immediately after assignment executed.

Say the Supreme Courts of Virginia and Alabama: "All the creditors should not be compelled to lose their debts and preference of claim because one unlawful provision is put into an assignment; as soon as one actual debtor assents or if there is a debtor for whose benefit trust is created it vests and is perfected at once." 8 Leigh, 293; 2 Stewart, (Ala.) 98; 17 Ala., 659.

If this assignment as a trust for creditors was not valid, we say it appearing that Greeley, the assignee, was a large creditor of Howell, we can well regard it as a sale of goods to Greeley in payment of his debts so far as it goes, and the assignment as an evidence of a debt to Greeley and a conveyance of the property which would save it from attachment by other creditors. 19 Fla., 800; 4 Mass., 508; Burrill on Assignments, 528, 529, 531; 2 Wendell, 438; 9 Ala., 704.

The second error assigned is that the jurors were sworn to try an issue joined, when in fact there was no issue joined. If joinder of issue or traverse was unnecessary then the jurors should have been sworn simply to try a right of property under claim of appellant, but we cannot conceive how, under their oaths, as recited in the record, these jurors were competent to try this cause or what they had before them to try. See pages 32 and 38 of Record.

The third assignment of error is that the judgment in this cause is an improper one. The judgment in this, a common law cause, in a common law court, orders *a sale of property* as if the court sitting in this cause could make a decree of sale. The proper judgment was simply that the

property was in defendant, Howell; then appellees might proceed to get out execution on their judgment against Howell. See page 32 of Record.

For the reasons herein stated we believe judgment of court below ought to be reversed.

The provision for residue to go to Howell, assignee, does not affect the assignment, because if all creditors are paid and then there is a residue, then they are not hurt; if all creditors not paid in full there is no residue.

The fourth error presents this point that we ask the especial attention of the court to—the legal title to these goods had passed to the assignee; until some judicial action had been taken to set aside this deed these goods were not subject to attachment as property of Howell. Appellees remedy was a bill to set aside this deed. Deeds made in favor of creditors are only treated so as to *judgment creditors* even in equity; the reason of this is, the grantor in fraudulent deed may have other property that creditor can reach, if so, as to the property conveyed in the deed complained of the deed is good. Much more so in law; how can this court know that Howell had such other property, and a return of *nulla bona* and a bill to set aside the deed was the correct procedure. Thurber vs. Blank, 5 N. Y.; Smith vs. Longniere, 24 Hun., 257; Milliken vs. Dart, 26 Hun., 24.

Two reasons we desire to call to attention of the court why the reasoning, in cases holding assignments calling for releases invalid, is not sound.

All these cases hold them invalid because they deprive the creditor of the future earnings of debtor, this does not affect the deed as to the property *included in the assignment;* if the title to property included in assignment is valid, being for full consideration and for good ends, it makes no difference what the effect on future earnings may be.

Another point is this: Each creditor accepting the terms

is paid and all the fund representing the *pro rata* share of those not accepting it again goes back to assignor, and non-assenting creditors may go upon that for their debts, and there is no wrong or fraud in the matter.

*Jno. T. & Geo. U. Walker* for Appellees.

THE CHIEF JUSTICE delivered the opinion of the court:

The appellees, as plaintiffs in the court below, sued out an attachment against John W. Howell, which was levied on certain goods in the possession of the appellant, who, as assignee of Howell, claimed the goods and commenced proceedings to try the right of property in the goods under sec. 22, p. 524, McClellan's Digest. On the trial that ensued in the Circuit Court the presiding Judge charged the jury that the deed of assignment from Howell to Greeley was void.

The appellant assigns here as errors :

1st. The court erred in giving its charge to the jury, construing the assignment from Howell to Greeley and declaring it void.

2d. That there was error in submitting the cause to a jury and entering a verdict and judgment thereon, when there was no issue joined or traverse of claimants' said affidavit upon which to base a verdict and judgment, because from the case in the record it appears that the jury was sworn to try an issue joined.

3d. The court erred in entering up the judgment that it did enter, as appears of record, same being for sale of property.

4th. There was error in the verdict and judgment finding the property subject to appellees' attachment.

It is claimed by counsel for the appellees in this court

that said deed of assignment is void as to creditors upon two grounds:

1. Because the assignment, after preferring certain creditors, stipulates for a release from the creditors who are to be paid *pro rata* out of the proceeds of the property assigned after the payment of the preferred creditors.

The language of the assignment on that point is as follows: " To distribute and pay the remainder of said proceeds ratably and in equal proportion to my other creditors in satisfaction and release of all my debts by me owing."

2. That said deed reserves to the assignor any surplus of said proceeds. The language is as follows: "To repay me, my executors and administrators and assigns, the residue of said proceeds, if any there be."

As to the first ground urged the authorities are numerous and conflicting, and counsel have, with commendable industry, brought to our attention a large number of cases bearing on the subject.

The question in this State is an open one.

In Walters and Walker vs. Whitlock, 9 Fla., 87, an assignment was involved which contained a clause of the same legal import as the first above quoted, as to release by creditors of the assignor, but in that case the point was conceded by counsel and the court said: "Here we will remark that it has not been contended by counsel for the appellee that the assignment is not valid," and this question was not passed on by the court.

In England the doctrine that a failing debtor can by deed of assignment of his whole property stipulate therein for a release from his creditors has been uniformly maintained; such stipulations have been held valid even against a claim of the crown. King vs. Watson, 3 Exch., 6; 5 Eng. L. & E., 431.

The Supreme Court of Rhode Island also sustains these

stipulations. See Nightingale vs. Harris & Lippitt, 3 Ames, (6 R. I,) 321, and the courts of the following States: Pennsylvania, Mechanics' Bank vs. Gorman, 8 Watts & Sergeant, 304; Maryland, McCall et al. vs. Hinckley & Woodward, 4 Gill, 128; Kittewell vs. Stewart, 8 Gill, 472. In both these cases, however, there was a divided court. Alabama, Rankin, Duryea & Co., vs. Lodor, 21 Ala., 380; Maine, Fox vs. Adams, 5 Maine, 245; Arkansas, Clayton vs. Johnston, 36 Ark., 406. See also Brashear vs. West, 7 Peters, 615, and Habrey vs. Whiting, 4 Mason, 206.

The leading case declaring the contrary doctrine is Grover vs. Wakeman. 11 Wendell, 189. The court in that case says: " An assignment containing a provision making a preference to certain creditors in the distribution of the assigned property to depend upon the execution by them of a release to the debtor of all claims against him is void, and being void in part as to creditors is void in toto."

In Ohio, Atkinson vs. Jordan, 5 Ohio, 178; North Carolina, Hafner vs. Irwin, 1 Iredell, 490; Mississippi, Robbins vs. Embry, 1 Smedes & Marshall, Ch., 208; Missouri, Drake, vs. Rogers, 6 Mo., 317; Georgia, Miller vs. Conklin, 17 Ga., 430; Texas, Carlton vs. Baldwin, 22 Texas, 724; Tennessee, Wilde vs. Raulings, 1 Head, Tenn., 34; and in Colorada, Duggan vs. Bliss, 4 Col., 223, the principle laid down in Grover vs. Wakeman, supra, is followed. We are inclined to adopt the conclusions and approve the reasoning of the courts which hold stipulations in a deed of assignment requiring a creditor to release his debtor as a condition to participating in the proceeds of his estate, to be void.

It is claimed by the counsel for the appellant that the language used in this assignment, " in satisfaction and release of all my debts by me owing," is not a condition addressed to creditors, but is an instruction to the assignee.

Its effect is the same. In the one instance you say to the creditors, you cannot be paid unless you release your debtor; in the other you say to the assignee, do not pay the creditor unless he releases the debtor. In either the creditor is required to release all indebtedness, while only receiving a part of his debt. In the cases above quoted in 7 Peters, 615, and in 4 Mason, 206, Chief Justice Marshall, in delivering the opinion of the court in the former case, said: "Yet we are far from being satisfied that, upon general principles, such a deed ought to be sustained," and Mr. Justice Story, in the latter, said: "While giving effect to the contrary principle from what he understood at that time to be the weight of authority, that if the question had been new and many estates had not been passed upon the faith of such assignments, the strong inclination of his own mind would have been against their validity." It is said in Burrill on Assignments, p. 267: "The rule is clearly settled against the validity of the stipulations in question, and the decisions in Ohio, Missouri, Mississippi and Georgia, have thrown great weight in the scale." Further, pages 267 and 268: "It is true the Supreme Court of the United States sustained an assignment containing a stipulation for a release, but this was done with marked reluctance, and only because the court felt itself bound by the construction which had previously been given by the courts of Pennsylvania to the statute of that State." Again, "taking into consideration the opinion expressed by Chief Justice Marshall in Brashear vs. West, *supra*, it seems probable that should a case be brought before the Supreme Court of the United States which could be decided on general principles, and free from the controlling influence of State construction, the decision would be against the right to stipulate."

Mr. Bump says "the doctrine" holding such stipula-

tion void "is supported by the weight of authority." Bump on Fraudulent Conveyances, 427.

Counsel for appellees insist also that the clause reserving the surplus to the assignor quoted above vitiates the assignment.

We think, notwithstanding there is some conflict, the weight of authority is against such a reservation when the assignment contemplates a *pro rata* payment to certain creditors contingent upon their releasing him from all indebtedness. In case any of the creditors decline to accept the offer, the portion coming to them would be returned to the assignor. This is a contingency upon the happening of which a part of his estate would be returned to him while he had outstanding unsatisfied debts. Most of the courts that hold that an assignment which exacts a release as a condition to participation in the assignor's estate is, valid, hold also that such assignment must convey *all the property of the debtor*. See cases cited as to the validity of stipulations for release, *infra*, and also Bump on Fraudulent Conveyances, 429, 430. There was no error in the charge of the court.

Counsel for appellant insists that "if this assignment as a trust for creditors was not valid, we say, it appearing that Greeley, the assignee, was a large creditor of Howell, we can well regard it as a sale of goods to Greeley in payment of his debts so far as it goes, and the assignment as an evidence of his debt to Greeley, and a conveyance of the property which would save it from attachment by other creditors." We are not authorized by this record to consider this proposition. The record does not show that such a charge was asked by the appellant in the court below, or that any charge touching the proposition was given by the court and excepted to. It cannot be raised for the first time here.

Appellant also assigns as error that the jury was sworn to try the " issue joined " when there was no issue.

As to this it is sufficient to say that no objection was made or exception taken in the court below as to the manner of swearing the jury. It cannot be raised for the first time in this court.

The order in the judgment directing a sale of the property attached while unnecessary was not error, as it only directed what was the legal consequence of a verdict and judgment for the plaintiff in attachment.

The judgment is affirmed.