Callahan v. Heinz et al.

---

## CALLAHAN v. HEINZ ET AL.

[No. 2,405. Filed April 1, 1898. Rehearing denied June 7, 1898.]

PARTNERSHIP.— *Assignment for Benefit of Creditors.* — *Cannot be Made by One Member of Firm.*—One member of a partnership can not make an assignment for the benefit of creditors of the partnership property nor create a trust therein without the consent or ratification of the other members of the firm.

From the Marshall Circuit Court.    *Reversed.*

*Harley A. Logan,* for appellant.

*J. D. McLaren,* for appellees.

COMSTOCK, J.—This was a suit brought by Andrew P. Callahan, doing business under the firm name of the Prussing Vinegar Company, against Jacob Heinz, Frederick J. Heinz, and Charles Horstmeyer, doing business under the firm name of Heinz Bros. & Co., on a foreign judgment rendered on the 6th day of July, 1895. After the commencement of the suit, appellant filed his affidavit and undertaking in attachment, alleging that the defendants were nonresidents of the State of Indiana and had sold and were about to sell their property to hinder and delay their creditors. A writ was issued to the sheriff of the county, on which he seized personal property which had been transferred to John R. Deitrich before the issuing of said writ as trustee for the creditors of the firm named in the bill of sale to said Deitrich in the firm name by said Horstmeyer.

The cause was put at issue by answers and replies; a trial had, resulting in a judgment in favor of the plaintiff (appellee) in the sum of $2,823.25, and finding and judgment for the defendants on the attachment proceedings. The appellee filed his motion for a new trial upon the issues formed upon the affidavit in attachment, on the ground that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. This motion was overruled.

Appellant assigns as error the overruling of his demurrer to the second paragraph of answer of appellee Horstmeyer to appellant's affidavit in attachment, and the overruling of appellant's motion for a new trial. The said second paragraph of answer to the plaintiff's affidavit for attachment avers that prior

to the levy of the writ of attachment, certain prop-
erty, describing it, had been delivered to one John R.
Deitrich, under "a written instrument of trust;" that
the identical property was attached by the sheriff
by virtue of the writ; that the written instrument of
trust and delivery of possession was made in good
faith by Charles Horstmeyer, one of the partners con-
stituting the firm of Heinz Bros. & Co.; that the cred-
itors named in said trust were *bona fide,* and the trans-
fer made to Dietrich was to protect them; and that the
written instrument of trust was shown to the sheriff,
and was disregarded, and the property seized under
the writ and held until July 25, 1895, when it was
replevied from said sheriff by said John R. Dietrich.
The paragraph further avers that said property was
transferred by said Heinz Bros. & Co. by said Charles
Horstmeyer, the general manager of said firm, for the
uses and purposes aforesaid, and that he accepted the
possession of the same as intended for said uses, and
was in the possession and control of all of said prop-
erty when the plaintiff sued out his writ of attach-
ment.

The controlling question presented and argued by
the assignment of errors, as stated by appellant's
counsel is: "Can any number less than all the part-
ners of a firm make an assignment or create a trust
with or without preference, or do any act which ex-
cludes the remaining partners from the enjoyment of
the firm property, without the consent or ratification
of every member of the firm?" Appellant's counsel
claim that this question should be answered in the
negative. Counsel for appellees insist that under the
terms of co-partnership under which appellees were
doing business, Horstmeyer had the right to control
and dispose of the property without reference to the
power of a single member of the firm, under the law.

There is no conflict in the evidence. It is properly in the record, and the question presented may be answered by ascertaining the law applicable to the facts.

The "written instrument of trust" is in evidence, and is in the following language: "Know all men by these presents, that we, Charles Horstmeyer, Fred J. Heinz, and Jacob Heinz, doing business as partners under the firm name of Heinz Bros. & Co., in Marshall county, State of Indiana, and elsewhere in said State and in the United States, the principal office of said firm being at Pittsburg, state-of Pennsylvania, at Nos. 317 and 319 First avenue, by Charles Horstmeyer, of said firm, do hereby sell, transfer and deliver into the actual possession of John R. Dietrich, of Bremen, in Marshall county, State of Indiana, the personal property of said firm now at Bremen, aforesaid, and described generally as follows: Two salting houses, each 24 x 136 feet, and all property and fixtures of every kind and description, now in and about said houses and used for carrying on the business of salting, curing, receiving and removing pickles and other products of the soil, as heretofore used and carried on at said place by said firm of Heinz Bros. & Co. All of said property including said houses and the property therein, is of the probable value of $8,000.00, and it is all hereby sold, transferred, and delivered without any reservation to said John R. Dietrich, in trust, first to pay in full a claim held by J. R. Dietrich & Co., estimated at $1,240, but it is to be paid in full, whether or not it is found to be more or less than the estimated amount, out of the net proceeds of the sale of this year's crops of pickles and other products, heretofore contracted for by said firm of Heinz Bros. & Company, and out of the sale of said personal property, including said houses, and the net remainder of the amount or amounts realized by said trustee shall be distrib-

uted pro rata to the following named creditors of said firm of Heinz Bros. & Co., namely: Alois Bihler, of No. 9 McGee Street, Pittsburg, $1,491.00; Katie Gaub, No. 29 Fourteenth street, S. S. Pittsburg, $718.75; the German Savings and Dep. Bank, Birmingham, $9,630.74.

"The said claim of J. R. Dietrich & Co., estimated at $1,240.00 is for cash advanced to the growers of pickles and other products under last year's contracts of said growers with said Heinz Bros. & Co., under a promise of said Heinz Bros. & Co. to repay said Dietrich & Co. on April 15, 1895, and the estimated amount stated herein is the balance due and unpaid to said Dietrich and Company, and said trustee shall pay in full all the growers of pickles and other products who shall deliver their said products to said trustee under existing contracts with the said Heinz Bros. & Co. as soon as the same shall have been cured and sold. And the said John R. Dietrich hereby accepts the trust above specified, and hereby acknowledges the delivery of said salting house and other personal property to him, in trust for the use and purposes above specified, and none other, and he agrees faithfully to perform and carry out said trusts, in consideration of the premises, and of a reasonable compensation for his services and expenses as such trustee. All labor and expenses of carrying on and closing out the said business of said Heinz Bros. & Co., shall be paid in full out of the gross proceeds of said property and business, and the net proceeds distributed as above directed. In witness whereof the said Heinz Bros. & Co. and the said John R. Dietrich, as trustee have hereunto signed their respective names on the sixth day of July, 1895. All erasures and interlineations were made before signing. Heinz Bros. & Co. Charles Horstmeyer. John R. Dietrich, Trustee."

The parts of the articles of copartnership which we deem it necessary to set out are as follows: "Agreement made this 11th day of May, A. D., 1895, between Charles Horstmeyer, Fred J. Heinz and Jacob C. Heinz: Whereas, said parties hereto have heretofore been engaged as partners in the business of manufacturing pickles, etc., now this agreement is to attest a settlement of all accounts between the parties made this day, the said settlement being as follows: * * *

Now, therefore, in consideration of the premises and agreements to pay said Horstmeyer the sums hereinbefore set forth, it is hereby agreed that the said firm or partnership of Heinz Bros. & Co. shall continue for the period of three years from this date, and, the foregoing being a complete liquidation of the interests of the several parties, it is now agreed that, subject to the payment of the sums due said Horstmeyer as aforesaid, the interests of said parties shall be as follows: Charles Horstmeyer, one-half; Fred J. Heinz, the one-fourth; Jacob C. Heinz, the one-fourth.    * * *

"It is also agreed that each of the parties shall devote all of his time to the business of the firm, and shall commence work each day (except Sunday) at 7 o'clock a. m., and for such work each party shall receive compensation at the rate of fifteen dollars a week. The duties of the several parties shall be as follows: The said Charles Horstmeyer shall be the general manager of the business of the said firm, and shall have full and sole power in regulating the business of the firm. The said Fred J. Heinz shall have charge of the manufacturing department. The said Jacob C. Heinz shall have charge of the selling and buying of goods with the cooperation of H. Amelung and Miss McClure, or of such of the employes of the firm as said Horstmeyer may designate."

The good faith of the transfer of the property is not

questioned, nor of the indebtedness for which it provides. Under the law, one partner has the right to sell those articles of property which are held for sale, but not the right to sell the property with which the business is conducted. *Lowman* v. *Sheets*, 124 Ind. 416. Bates on Partnership, section 401, says: "But I have no doubt but that the power of sale must be confined to those things held for sale, and that the scope of the business does not include the sale of property held for the purposes of the business, and to make a profit out of it, and that this only is the true rule." Bates on Partn., p. 346; Burrill on Assignments, p. 84, par. 52.

On page 88, the last named author says: "While the law remains thus unsettled on this point, it may be laid down as the only safe practical rule, that in making assignments of partnership property, particularly to trustees, all the partners, special as well as general, dormant as well as active, should be consulted; and the assignment should either be the joint act of all, or should be made by the express authority or with the consent or concurrence of those who do not actually execute it, or subject to ratification on their part." Lindley on Partn., p. 129, and authorities cited; 17 Am. and Eng. Ency. of Law, p. 1045, and authorities cited; *Davenport Mills Co.* v. *Chambers*, 146 Ind. 156. We do not deem it necessary to extend the list of authorities.

The property transferred is described as, "two salting houses, each 24 x 136 feet, and all the property and fixtures of every kind and description, now in and about said houses, and used for carrying on the business of salting, curing, receiving, and removing pickles and other products of the soil, as heretofore used and carried on at said place by said firm of Heinz Bros. & Co. All of said property including said

houses and the property therein, is of the probable value of $8,000.00." It is evident that the sale was attempted to be made of the property used in carrying on the business. If he did this without the consent or sanction or subsequent ratification of the remaining partners, his act would be invalid.

The bill of sale, it will be observed, also provides for the application of the proceeds of the property to the payment of certain creditors of the firm. It contemplates the closing out of the business in the following language: "All labor and expenses in carrying on and closing out the said business of Heinz Bros. & Co. shall be paid in full out of the gross proceeds of said property and business, and the net proceeds distributed as above directed." It gave to the trustee the authority to dispose of the property and close out the business, without the assent of the other members of the firm. Unless this was done with the sanction of the remaining members of the firm, or was subsequently ratified, Horstmeyer exceeded his power. Under a claim of appellee's counsel, the articles of copartnership empowered said Horstmeyer to make such transfer. The reply of appellee denies that the remaining members of the firm, Jacob C. Heinz and Frederick J. Heinz, were consulted by him with reference to said assignment; denies that they had knowledge that it was to be made, or that they at any time sanctioned, ratified or consented to it. This is sworn to by said members of the firm.

The record does not show that they had any knowledge of the transfer, nor even sanctioned, approved or ratified it. If, then, the transfer is good as against the plaintiff, it must be by virtue of the articles of copartnership. That part of said articles by reason of which appellee claims to have been empowered to act in the premises, reads as follows: "It is also agreed

that each of the parties shall devote all of his time to the business of the firm, and shall commence work each day (except Sunday) at 7 o'clock a. m., and for such work each party shall receive compensation at the rate of fifteen dollars a week. The duties of the several parties shall be as follows: The said Charles Horstmeyer shall be the general manager of the business of the said firm, and shall have full and sole power in regulating the business of the firm. The said Fred J. Heinz shall have charge of the manufacturing department. The said Jacob C. Heinz shall have charge of the selling and buying of goods with the cooperation of H. Amelung and Miss McClure, or of such of the employes of the firm as said Horstmeyer may designate." The articles of copartnership were entered into May 11, 1895. The business was manufacturing pickles and was to continue three years from said date.

The business of which the said Horstmeyer was to have the management was manufacturing pickles. There was given him authority to determine how it should be conducted for that purpose, but not to make a disposition of the property used in carrying on said business, which would certainly terminate the business itself. A partnership is formed only for the purpose of conducting certain specified business. An assignment for the benefit of creditors may become necessary, but it is not contemplated and is not within its scope and objects. In this connection we refer to *Woolridge* v. *Irving*, 23 Fed. 676, and *Hook* v. *Stone*, 34 Mo. 329.

The authorities recognize conditions in which one partner may act in the absence of the other, as when the other partner is absent and his whereabouts is unknown, or when he has absconded or is a great distance away, and immediate action is necessary to pre-

vent involuntary preferences, etc. Such conditions did not exist in the case at bar. Counsel for appellee in his able brief cites *Sullivan* v. *Smith,* 15 Neb. 476, 19 N. W. 620, in which an assignment by one of the partners was upheld. The only other member of the firm had absconded with a large amount of the firm's means, and the court held that, under the circumstances, the remaining partner had the implied authority to make the assignment. The evidence in the case before us discloses that Horstmeyer knew the residence and address of each of his partners, was in easy reach of them, and could easily and quickly communicate with them, but that he made no attempt and apparently had no desire to do so.

Counsel for appellee makes the point that upon cross-examination, appellee propounded to Horstmeyer the following question: "You are asked whether you notified Fred J. Heinz about transferring this property without consulting them about the transfer to Dietrich. Tell the court why you did not." On that appellant objected to the question, and the objection was sustained, and that now he ought not to complain that the other partners were not notified. Counsel made no further attempt by evidence in chief to show why they were not notified nor consulted. The burden was upon the appellees to make this explanation. The evidence shows that Fred J. Heinz and Jacob C. Heinz were residents of the state of Pennsylvania; that the transfer of said property to Dietrich disposed of all the property then owned by the firm of Heinz Bros. & Co. Under the weight of the authorities the court erred in the rulings assigned as errors. The judgment is reversed, with instructions to the trial court to sustain the demurrer to the second paragraph of appellee's answer to the affidavit in attachment.